Central N.Y. Fair Bus. Ass'n v. Salazar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand sixteen.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           GERARD E. LYNCH,
                    *Circuit Judges*.

------------------------------------------------------------------------

CENTRAL NEW YORK FAIR BUSINESS ASSOCIATION; CITIZENS EQUAL RIGHT ALLIANCE; DAVID R. TOWNSEND, New York State Assemblyman; MICHAEL J. HENNESSY, Oneida County Legislator; D. CHAD DAVIS; MELVIN L. PHILLIPS,

                    *Plaintiffs-Appellants*,

        v.                                        No. 16-53-cv

SALLY M.R. JEWELL, in her official capacity as Secretary of the U.S. Department of the Interior; MICHAEL L. CONNOR, in his official capacity as Deputy Secretary of the U.S. Department of Interior; ELIZABETH J. KLEIN, in her official capacity as the Associate Deputy Secretary of the Interior; FRANKLIN KEEL, the Regional Director for the Eastern Regional Office of the Bureau of Indian Affairs; CHESTER MCGHEE, in his official capacity as Eastern Regional

1

Environmental Scientist; ARTHUR RAYMOND HALBRITTER, as a real party in interest as the Federally Recognized Leader of the Oneida Indian Nation,

*Defendants-Appellees*.[1]

-------------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANTS: | James J. Devine, Jr., Esq., Oneida, New York. |
| FOR APPELLEES: | J. David Gunter II, William Lazarus, Ann Peterson, Steven Miskinis, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, *for* the Federal Appellees. |
| | Peter D. Carmen, Meghan Murphy Beakman, Oneida Nation Legal Department, Verona, NY; Michael R. Smith, David A. Reiser, Zukerman Spaeder LLP, Washington, DC, *for* Arthur Raymond Halbritter. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 26, 2015, is AFFIRMED.

Plaintiffs appeal from the dismissal of certain claims and the award of summary judgment on others arising from the Department of the Interior's (the "Department") May 2008 decision, pursuant to 25 U.S.C. § 465 and 25 C.F.R. § 151, to accept into trust approximately 13,000 acres of land in New York State for the benefit of the Oneida Indian Nation. We review *de novo* the district court's dismissal order and summary

---

[1] For the reasons stated by the district court, *see Central N.Y. Fair Bus. Ass'n. v. Jewell*, No. 6:08-CV-0660 LEK/DEP, 2015 WL 1400384, at n.1 (N.D.N.Y. Mar. 26, 2015), the Clerk of Court is directed to amend the caption as set forth above.

2

judgment awards challenging administrative agency action. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016); *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007).

1.    Dismissal

In appealing the dismissal of their claims under 42 U.S.C. §§ 1981, 1982, 1983, and 40 U.S.C. § 523, and the denial of a motion for limited discovery, *see Central N.Y. Fair Bus. Ass'n v. Salazar*, No. 608-CV-660(LEK/DEP), 2010 WL 786526 (N.D.N.Y. Mar. 1, 2010), plaintiffs raise issues on appeal that were, at most, merely mentioned below, and that, even now, are not sufficiently developed or supported by coherent arguments.   Accordingly, we deem those issues waived.   *See Bishop v. Wells Fargo & Co.*, 823 F.3d 35, 50 (2d Cir. 2016).

Plaintiffs' separation-of-powers argument is also only mentioned in their opening brief, but it is the focus of their reply brief, which invokes *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863 (2016), to urge that we find the Department's decision incompatible with fundamental notions of state sovereignty.   This court recently ruled to the contrary, however, holding that "underlying principles of state sovereignty do not impair the federal government's power under the [Indian Reorganization Act] to acquire land on behalf of the" Oneida Tribe.   *Upstate Citizens for Equality, Inc. v. United States*, --- F.3d ----, 2016 WL 6608942, at *10 (2d Cir. Nov. 9, 2016).   *Sanchez Valle*, which involves a sovereignty analysis unique to the context of double jeopardy, *see* 136 S. Ct. at 1870, does not counsel otherwise.   Accordingly, this challenge fails on the merits.

3

Plaintiffs argue that individual defendant Arthur Raymond Halbritter should not have been dropped from the suit because he is not entitled to tribal sovereign immunity. The argument fails because the district court did not dismiss Halbritter on that ground, but rather pursuant to Fed. R. Civ. P. 21 (pertaining to joinder) upon concluding that the complaint contained no allegations against him. *See Cent. N.Y. Fair Bus. Ass'n v. Salazar*, 2010 WL 786526, at \*14. We identify no abuse of discretion in that decision. *See City of Syracuse v. Onondaga County*, 464 F.3d 297, 307 (2d Cir. 2006) (observing that decisions pursuant to Rule 21 are subject to abuse-of-discretion standard). The same pleading failure would warrant dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *See Oneida Indian Nation of N.Y. v. City of Sherrill*, 337 F.3d 139, 169 (2d Cir. 2003) (affirming Rule 12(b)(6) dismissal of claims against tribal officers, including Halbritter, where complaint contained no allegations of individual unlawful conduct), *rev'd on other grounds*, 544 U.S. 198 (2005). Plaintiffs' reliance upon *Michigan v. Bay Mills Indian Community*, 134 S. Ct. 2024 (2014), in arguing to the contrary is misplaced. The proposition for which they cite the case—that "tribal immunity does not bar . . . a suit for injunctive relief against *individuals*, including tribal officers, responsible for unlawful conduct," *id.* at 2035 (emphasis in original)—does not absolve the plaintiff from the obligation to plead sufficient facts supporting a plausible claim against the individual, s*ee Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Accordingly, we uphold the challenged dismissal decisions.

2.    Summary Judgment Claim

On appeal from an award of summary judgment on claims brought under the Administrative Procedure Act, we ordinarily "review the administrative record *de novo* without according deference to the decision of the district court." *Karpova v. Snow*, 497 F.3d at 267. Plaintiffs' argument that the district court erred in upholding the Department's decision is not, however, grounded in the administrative record, nor do they identify any specific error in the Department's reasoning. Rather, they argue that the Department lacked "authority" to take the land at issue into trust because it lacked federal jurisdiction over the land. That argument, as plaintiffs acknowledge, is foreclosed by precedent holding that the Oneida Nation was granted land as a federal reservation in 1794 and that this reservation was not disestablished by the 1838 Treaty of Buffalo Creek. *See Upstate Citizens for Equality, Inc. v. United States*, 2016 WL 6608942, at \*3; *Oneida Indian Nation v. Madison County*, 665 F.3d 408, 443–44 (2d. Cir. 2011); *Oneida Indian Nation of N.Y. v. City of Sherrill*, 337 F.3d at 160–65.

We are, of course, "bound by the decisions of prior panels until such time as they are overruled either by an *en banc* panel of our Court or by the Supreme Court." *Oneida Indian Nation of N.Y. v. Madison County*, 665 F.3d at 443 (internal quotation marks omitted). The Supreme Court cases plaintiffs cite to argue that our precedents were wrongly decided do not cast doubt on our determination that the Oneida Indian

Nation maintains a federally recognized reservation.[2]  Nor are plaintiffs' substantive challenges to our precedents availing.  The cited August 1974 Nixon/Ford Administration legal memorandum does not persuasively reflect a decades-long conspiracy to conceal relevant facts from courts considering Oneida Indian Nation disputes.  As for plaintiffs' other historical arguments, they are improperly presented insofar as they rest upon documents with which plaintiffs unsuccessfully sought to supplement the appellate record.[3]  Plaintiffs' challenge to the Department's authority to issue the land-to-trust decision here thus fails on the merits.  Accordingly, we will not disturb either that decision or the district court's judgment upholding it.

We review plaintiffs' appeal from the district court's denial of their motion for reconsideration for abuse of discretion, *see, e.g.*, *Legg v. Ulster County*, 820 F.3d 67, 78 (2d Cir. 2016), and identify none.  Plaintiffs' contention that the district court erred in disregarding their constitutional challenge to 43 U.S.C. § 1457—raised for the first time in their motion for reconsideration—is meritless.  The district court's passing reference to that statute supported only the proposition that "[t]he Secretary is delegated broad authority over Indian affairs."  Pls' App'x 3–4, 16.  It was not, contrary to plaintiffs' suggestion, a material ground for the court's decision.

---

[2] Plaintiffs never explain how *Sturgeon v. Frost*, 136 S. Ct. 1061 (2016), or *Nebraska v. Parker*, 136 S. Ct. 1072 (2016), undermine the precedents they assail.  Neither Supreme Court decision suggests reason to revisit *City of Sherrill* or *Madison County*.

[3] Two prior panels of this Court concluded, after full briefing, that plaintiffs failed to demonstrate their entitlement to supplement the record with these documents under Fed. R. App. P. 10 or to have judicial notice taken of them.

We have considered plaintiffs' remaining arguments and conclude that they are

without merit.    Accordingly, the judgment of the district court is AFFIRMED.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court